UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LINZEY SMITH,

        Plaintiff,                              Civil Action No.
                                             13-CV-11224
vs.

                                           HON. MARK A. GOLDSMITH
TODD JONES, et al.,


        Defendants.
_____/


**OPINION AND ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, (2) GRANTING PLAINTIFF'S REQUEST FOR SERVICE BY A UNITED STATES MARSHAL, AND (3) SUMMARILY DISMISSING THE CASE**

This matter is presently before the Court on (i) Plaintiff's application to proceed in forma pauperis and request for service of the summons and complaint by a United States Marshal (Dkt. 3) and (ii) the Court's own review of the complaint (Dkt. 1). Plaintiff Linzey Smith, a prisoner proceeding pro se, brings this suit against the United States and Todd Jones, the acting director of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). The complaint seeks to compel disclosure of the history of a particular firearm under the Freedom of Information Act, 5 U.S.C. § 552. For the reasons that follow, the Court will grant Plaintiff's application to proceed in forma pauperis and summarily dismiss the complaint.

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915(a)(1), which provides that a federal court "may authorize the commencement . . . of any suit, action, or proceeding . . . by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees . . . ." The Court has reviewed Plaintiff's application, which states that Plaintiff is employed with a monthly salary of $189.00, has a total of $11.24 in

a prison account and no money in other accounts, and has no valuable property. Application at 1-2 (CMECF pagination) (Dkt. 3). The Court is satisfied that Plaintiff is indigent and that prepayment of the filing fee would cause an undue financial hardship. The Court grants Plaintiff's application, permits Plaintiff to file his complaint without prepaying the filing fee, and grants Plaintiff's request for service of the summons and complaint by a United States Marshal.

The Court is also required to screen all complaints filed by plaintiffs proceeding in forma pauperis and dismiss those that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, and/or (iii) seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

The Freedom of Information Act (FOIA) provides a mechanism to compel, from agencies of the United States, the disclosure of records that are not subject to exemptions. 5 U.S.C. § 552(a)(3), (b). The district courts of the United States have "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). For the purposes of FOIA, "agency" means "each authority of the Government of the United States," but does not include Congress or the courts of the United States. 5 U.S.C. § 551(1).

FOIA does not authorize suits against individuals or against the United States itself. See, e.g., Batton v. Evers, 598 F.3d 169, 173 n.1 (5th Cir. 2010) (concluding that neither the United States nor the Commissioner of the Internal Revenue Service was a proper party to a FOIA action); Comer v. Internal Revenue Service, 831 F.2d 294, at *1 (Table) (6th Cir. 1987) ("The individual defendants-appellees were dismissed because the Freedom of Information Act and the Privacy Act authorize suits against agencies not individuals."); Sanders v. United States, No. 96-5372, 1997 WL 529073, at *1 (C.A.D.C. 1997) (concluding that the plaintiff's FOIA complaint

brought against the United States and the United States Court of Appeals for the Fourth Circuit

failed to state a claim, because the defendants were not agencies subject to FOIA).

The only Defendants named in Plaintiff's complaint are an individual federal official and

the United States.  Neither of these parties is subject to FOIA, and Plaintiff's complaint therefore

fails to state a claim for relief.

For the reasons stated above, the Court summarily dismisses the complaint under 28

U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:  May 2, 2013                                    s/Mark A. Goldsmith
        Flint, Michigan                                MARK A. GOLDSMITH
                                                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record
and any unrepresented parties via the Court's ECF System to their respective email or First Class
U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2013.

                                                       s/Deborah J. Goltz
                                                       DEBORAH J. GOLTZ
                                                       Case Manager

3