UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINZEY SMITH,

        Plaintiff,                                Civil Action No.
                                                             13-CV-11224

vs.

                                                            HON. MARK A. GOLDSMITH

TODD JONES, et al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (DKT. 6)

The matter is presently before the Court on Plaintiff's motion to amend the complaint (Dkt. 6). On March 20, 2013, Plaintiff Linzey Smith, a prisoner proceeding pro se, filed a complaint against the United States and Todd Jones, the acting director of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) (Dkt. 1). The complaint seeks to compel disclosure of the history of a particular firearm under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Plaintiff also filed an application to proceed in forma pauperis (Dkt. 3).

On May 2, 2013, the Court issued an Opinion granting Plaintiff's application to proceed in forma pauperis (Dkt. 4). The Opinion also summarily dismissed the complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2). The Opinion concluded that the complaint fails to state a claim because FOIA, which provides a mechanism to compel disclosure of certain records from agencies of the United States, does not authorize suits against individuals or the United States itself. Opinion at 2-3. The Court therefore dismissed the complaint pursuant to Sixth Circuit precedent requiring summary dismissal of complaints, filed by plaintiffs proceeding in

1

forma pauperis, that are deficient under 28 U.S.C. § 1915(e)(2). See, e.g., McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997) ("Under the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint."); Benson v. O'Brian, 179 F.3d 1014, 1016 (6th Cir. 1999) ("This court has held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal pursuant to [§ 1915(e)(2) . . . ."). A Judgment was entered, closing the case on May 2, 2013.

After the Judgment in this case was entered, the Sixth Circuit issued an opinion overruling the doctrine established by McGore. In LaFountain v. Harry, __F.3d__, 2013 WL 2221569, at *5 (6th Cir. May 22, 2013), the Sixth Circuit held:

> Jones v. Bock, 549 U.S. 199 (2007), controls here. The PLRA's screening requirements – 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1) – say nothing about whether a district court can allow a prisoner to amend his complaint. Thus, McGore is flatly inconsistent with Jones. We therefore overrule McGore; and we hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.

LaFountain has therefore changed the law governing the instant case. The issue before the Court is whether this change in law is sufficient to allow Plaintiff to reopen the case and amend the complaint after the issuance of the May 2, 2013 judgment.

On June 4, 2013, Plaintiff filed the present motion to amend the complaint. In his motion, Plaintiff "seeks leave to replace defendants 'Todd Jones, et al.,' with defendant 'The Federal Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).'" Mot. at 1. This amendment to the complaint would correct the deficiency noted by the Court in its Opinion of summary dismissal.

The motion to amend is signed and dated on June 2, 2013.[1]  The Court first concludes that it may not construe this motion as a motion for reconsideration of the Court's May 2 Opinion, because a motion for reconsideration must be filed within 14 days after the entry of the judgment or order.  E.D. Mich. L.R. 7.1(h)(1).  The Court therefore determines whether Plaintiff's requested relief is warranted under the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Furthermore, "[w]hen a party seeks to amend a complaint after an adverse judgment, it . . . must shoulder a heavier burden.  Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60."  Leisure Caviar, LLC v. United States Fish & Wildlife Serv., 616 F.3d 612, 616 (6th Cir. 2010) (citations omitted).

Under Rule 59(e), a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of the judgment."  The Rules further provide that "[a] court must not extend the time to act under Rules . . . 59(b), (d), and (e) . . . ."  Fed. R. Civ. P. 6(b)(2).  See also Jackson v. Crosby, 375 F.3d 1291, 1293 n.5 (11th Cir. 2004) (noting that Rule 6(d) "can never extend the time for filing a Rule 59(b) or (e) motion").  In this case, judgment was entered on May 2, 2013, and Plaintiff's motion was filed on June 2, 2013.  Because more than 28 days elapsed between the entry of judgment and Plaintiff's filing of the motion to amend, the Court may not construe the motion as seeking to alter or amend the judgment under Rule 59(e).

---

[1] A document submitted by a pro se prisoner is considered to be filed when the prisoner delivers the document to prison authorities for the purposes of mailing to the court clerk.  Houston v. Lack, 487 U.S. 266, 276 (1988).  The Court will assume that, under this rule, the motion was filed on June 2.

Therefore, the Court construes the motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) allows a court to relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

The Court concludes that none of the factors listed in 60(b)(1)-(5) is applicable. There has been no showing of mistake, inadvertence, surprise, or neglect; there is no newly discovered evidence; and there has been no demonstration of fraud or misconduct. Rule 60(b)(4) only justifies relief if a judgment is void due to a "jurisdictional error or a violation of due process." Ne. Ohio Coal. for Homeless v. Husted, 696 F.3d 580, 601 (6th Cir. 2012) (citation and quotation marks omitted). Finally, Rule 60(b)(5) is not applicable to the instant case, because there has been no discharge or vacation of the judgment, and because the judgment is not applied "prospectively." See Kalamazoo River Study Group v. Rockwell Intern. Corp., 355 F.3d 574, 587 (6th Cir. 2004) ("The mere possibility that a judgment has some future effect does not mean that it is 'prospective' . . . . The essential inquiry into the prospective nature of a judgment revolves around whether it is executory or involves the supervision of changing conduct or conditions." (citations and quotation marks omitted)).

The remaining ground for relief from judgment is Rule 60(b)(6). The Sixth Circuit has explained:

> It is well established that a change in decisional law is usually not, by itself, an "extraordinary circumstance" meriting Rule 60(b)(6) relief. See Agostini v. Felton, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6) . . . ."); Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.,131 F.3d 625, 628-29 (7th Cir. 1997); Travelers Indemnity Co. v. Sarkisian,794 F.2d 754, 757 (2d Cir. 1986); Berryhill v. United States, 199 F.2d 217, 219 (6th Cir. 1952). This principle holds even if a law is invalidated on state or federal constitutional grounds.

Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund, 249 F.3d 519, 524 (6th Cir. 2001). See also Moore's Federal Practice § 60.48(5)(b) ("[M]ost courts have agreed that changes in decisional law should not, by themselves, be the basis for relief from judgments that have no prospective application.").

In Wogoman v. Abramajtys, 243 F. App'x 885 (6th Cir. 2007), the Sixth Circuit considered whether the reversal of a previously-governing doctrine entitled a party to relief from judgment, when the party had been subject to an adverse judgment based on the prior doctrine. The petitioner there sought relief from a judgment denying his habeas petition and denying a certificate of appealability. The habeas petition was denied on the ground that it was untimely under the governing Sixth Circuit precedent, Austin v. Mitchell, 200 F.3d 391 (6th Cir. 1999). Wogoman, 243 F. App'x at 886-887. Several years after the denial of the habeas petition, the Sixth Circuit issued an en banc decision overruling Austin. Subsequently, the petitioner filed the motion for relief from judgment, on the ground that the reversal of Austin entitled the petitioner to relief. The Sixth Circuit concluded that the change in law was not sufficient to entitle the petitioner to relief under Rule 60(b)(6):

> [A] change in the law which renders a previously dismissed habeas petition timely is not sufficient extraordinary circumstances under Rule 60(b)(6). While

5

> Petitioner diligently pursued his rights, his circumstances are not extraordinary. They are no more extraordinary than the countless other petitioners who found their habeas petitions time-barred during the approximately five and one-half years when Austin was the law in this Circuit. To be sure, habeas law, particularly with regard to statute of limitations issues, has evolved. That evolution, however, does not automatically invoke Rule 60(b)(6). Rule 60(b)(6) cannot be used to make every new rule of law fully retroactive and create a situation where no litigation can ever be final. To hold otherwise would render the finality principle meaningless.

Id. at 890.

As in Wogoman, Plaintiff in this case was subject to a final judgment dismissing his complaint, based on a doctrine established by the Sixth Circuit that was subsequently overruled. The law in the Sixth Circuit regarding evaluation of complaints filed in forma pauperis has evolved. However, Plaintiff's situation is "no more extraordinary" than that of the "countless other" plaintiffs proceeding in forma pauperis whose complaints were summarily dismissed. It is true that Plaintiff's timing is unfortunate – had he filed his complaint several months later, the Court could have allowed Plaintiff to amend the complaint to correct the deficiency. Regardless, this Court is bound by the above Sixth Circuit cases, however unjust and harsh the result. The change in decisional law is not, without more, enough to entitle Plaintiff to relief from the May 2, 2013 judgment.

Because Plaintiff does not meet the requirements for relief under Rules 59 or 60, he is not entitled to amend his complaint under Rule 15. The motion to amend the complaint is denied.

SO ORDERED.

Dated:  June 13, 2013                                         s/Mark A. Goldsmith
    Flint, Michigan                                                  MARK A. GOLDSMITH
                                                                     United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 13, 2013.

                                            s/Deborah J. Goltz
                                            DEBORAH J. GOLTZ
                                            Case Manager